IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:18-CR-317 |
| vs. | MEMORANDUM AND ORDER |
| AMIR M. MUHAMMAD, | |
| Defendant. | |

This matter is before the Court upon initial review of the pro se motion to vacate under 28 U.S.C. § 2255 (filing 53) filed by the defendant, Amir Muhammad. The motion was timely filed less than 1 year after the defendant's conviction became final. *See* § 2255(f). The Court's initial review is governed by Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

A § 2255 movant is entitled to an evidentiary hearing unless the motion and the files and records of the case conclusively show the movant is entitled to no relief. § 2255(b); *Sinisterra v. United States*, 600 F.3d 900, 906 (8th Cir.

2010). Accordingly, a motion to vacate under § 2255 may be summarily dismissed without a hearing if (1) the movant's allegations, accepted as true, would not entitle the movant to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact. *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995); *see also Sinisterra*, 600 F.3d at 906.

## BACKGROUND

The defendant was charged in 2018 in a multicount indictment arising from a string of violent crimes, and ultimately pleaded guilty to 2 counts of Hobbs Act robbery in violation of 18 U.S.C. § 1951 and 2 counts of brandishing a firearm during and in relation to those crimes in violation of 18 U.S.C. § 924(c). Filing 1; filing 37. He entered into a binding Fed. R. Crim. P. 11(c)(1)(C) plea agreement providing for a total sentence of 312 months' imprisonment: 144 months for each robbery (to be served concurrently) and 84 months for each brandishing charge (to be served consecutively to the robberies and to one another). Filing 37 at 4. He was sentenced in accordance with the plea agreement. Filing 50. This motion followed. Filing 53.

## DISCUSSION

The defendant's motion alleges ineffective assistance of counsel insofar as counsel allegedly (1) failed to file any motions on the defendant's behalf, (2) did nothing about a purportedly illegal lineup on one of the robberies, and (3) did not get the defendant a psychiatric evaluation. Filing 53 at 3. To establish a claim of ineffective assistance of counsel, the defendant must show that his attorney's performance was deficient and that this prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

But in the context of a challenge to a guilty plea, the deficient performance and prejudice are demonstrated if the defendant can prove that (1) his counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's alleged errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58–60 (1985); *Tinajero-Ortiz v. United States*, 635 F.3d 1100, 1103 (8th Cir. 2011). He doesn't allege that. Nor is there anything in the defendant's motion or the record to overcome the strong presumption of counsel's competence and of the voluntariness of the guilty plea based on the defendant's representations at the plea hearing. *See Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993).

In fact, by pleading guilty, the defendant received a sentence at the low end of the Guidelines range for the offenses of conviction, not to mention avoiding trial on a carjacking charge and another § 924(c) violation. There's simply nothing in the defendant's allegations to suggest that trial counsel performed deficiently or that the defendant was prejudiced by any deficiency.

## CONCLUSION

The defendant's allegations either entitle him to no relief, or are contradicted by the record. Accordingly, his § 2255 motion will be summarily dismissed. A movant cannot appeal an adverse ruling on his § 2255 motion unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A certificate of appealability cannot be granted unless the movant "has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). To make such a showing, the movant must demonstrate that reasonable jurists would find the Court's assessment of the constitutional claims debatable or wrong. *Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *see also Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012).

In this case, the defendant has failed to make a substantial showing of the denial of a constitutional right. The Court is not persuaded that the issues raised are debatable among reasonable jurists, that a Court could resolve the issues differently, or that the issues deserve further proceedings. Accordingly, the Court will not issue a certificate of appealability.

IT IS ORDERED:

1. The defendant's pro se motion to vacate under 28 U.S.C. § 2255 (filing 53) is denied.

2. The Court will not issue a certificate of appealability in this matter.

3. A separate judgment will be entered.

4. The Clerk is directed to mail a copy of this Memorandum and Order to the defendant at his last known address.

Dated this 4th day of March, 2021.

BY THE COURT:

John M. Gerrard
Chief United States District Judge