IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:18-CR-317 |
| vs. | ORDER |
| AMIR M. MUHAMMAD, | |
| Defendant. | |

This matter is before the Court on a letter from the defendant that the Court has docketed as a motion to appoint counsel. Filing 67. The defendant's letter asks for counsel to be appointed to pursue a sentence reduction because, according to the defendant, his offense of Hobbs Act robbery in violation of 18 U.S.C. § 1951 is no longer considered a "crime of violence" that can be the predicate offense for his conviction of brandishing a firearm during an in relation to a crime of violence in violation of 18 U.S.C. § 924(c). *See* filing 67. The defendant's motion will be denied.

The premise of the defendant's argument is incorrect. The Court infers that the defendant is referring to the Supreme Court's holding in *United States v. Taylor*, 596 U.S. 845 (2022), that *attempted* Hobbs Act robbery is not a crime of violence for purposes of 18 U.S.C. § 924(c). Section 924(c)(1)(A)(i) provides, as relevant, that "any person who, during and in relation to any crime of violence . . . who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence . . . be sentenced to a term of imprisonment of not less than 5 years." A "crime of violence" includes a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." § 924(c)(3)(A).

In *Taylor*, the Supreme Court held that *attempted* Hobbs Act robbery wasn't a crime of violence under the definition in § 924(c)(3)(A). 596 U.S. at 852. That was because, the Court explained, while many who attempt to commit Hobbs Act robbery do use force, "no *element* of attempted Hobbs Act robbery requires the government to prove beyond a reasonable doubt that the defendant used, attempted to use, or even threatened to use force." *Id.* at 2022.

But the defendant's conviction for Hobbs Act robbery wasn't predicated on an *attempted* crime.  Rather, it was predicated on a *completed* crime: The defendant entered a Juice Stop, displayed a firearm to the cashier, and took money from the store. Filing 1 at 1-2; filing 37 at 2-3; filing 39 at 22; filing 28 at 7. *Taylor* simply isn't applicable here—it didn't change the fact that *completed* Hobbs Act robbery is a crime of violence. *See Green v. Garland*, 79 F.4th 920, 923 (8th Cir. 2023); *United States v. Moore*, No. 22-1899, 2022 WL 4361998, at *1 (8th Cir. Sept. 21, 2022).

Because the defendant's contention presents no colorable claim for relief, the Court sees no basis to appoint counsel. *See* 28 U.S.C. § 2255(g). Accordingly,

IT IS ORDERED that the defendant's motion to appoint counsel (filing 67) is denied.

Dated this 28th day of April, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge

- 2 -